UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CALVIN DARNELL WARSAW,

        Petitioner,

                                      CASE NO. 16-12786

v.                                  HONORABLE DENISE PAGE HOOD

CARMEN PALMER,

        Respondent.

_____/

**OPINION AND ORDER
DENYING THE PETITION TO COMPEL
PRODUCTION OF TRANSCRIPTS [3],
DENYING THE PETITION FOR A STAY [4], AND
SUMMARILY DISMISSING THE HABEAS CORPUS PETITION [1]**

On July 27, 2016, petitioner Calvin Darnell Warsaw (Warsaw) filed a *pro se* habeas corpus petition, challenging his state convictions for second-degree murder, Mich. Comp. Laws § 750.317, and possession of a firearm during the commission of a felony (felony firearm), Mich. Comp. Laws § 750.227b. Warsaw asserts as grounds for relief that: (1) the trial court abused its discretion when it failed to correct information in his pre-sentence report; (2) he should have been given an opportunity to contest enforcement of a court order to pay attorney fees; and (3) he was sentenced on the basis of incorrect sentencing guidelines. Also pending before

the Court are Warsaw's petitions to compel production of transcripts and to stay these proceedings while he exhausts state remedies for his third claim.

The Court has determined that none of Warsaw's habeas claims are cognizable on habeas corpus review. Accordingly, the habeas petition will be summarily dismissed, and the petitions for transcripts and a stay will be denied.

## I. Background

Warsaw alleges that, in 2014, he pleaded guilty to two counts of second-degree murder and one count of felony firearm and that, on July 1, 2014, the trial court sentenced him to prison for thirty-three to fifty years. Warsaw states that he raised his first two habeas claims in the Michigan Court of Appeals, which denied his appeal for lack of merit in the grounds presented, and that he raised the same two claims in the Michigan Supreme Court. On June 30, 2015, the Michigan Supreme Court denied leave to appeal because it was not persuaded to review the issues. *See People v. Warsaw*, 498 Mich. 854; 864 N.W.2d 573 (2015). On July 27, 2016, Warsaw filed his habeas corpus petition, his petition for transcripts, and his petition to stay these proceedings.

## II. Analysis

As a preliminary matter, the Court notes that Warsaw apparently failed to raise his third claim regarding the sentencing guidelines in the Michigan Court of

Appeals and in the Michigan Supreme Court.   The doctrine of exhaustion of state remedies requires state prisoners to invoke one complete round of a state's established appellate review process before presenting their claims to a federal court in a habeas corpus petition.   *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). The exhaustion requirement, however, is not jurisdictional, *Castille v. Peoples*, 489 U.S. 346, 349 (1989), and none of Warsaw's claims are cognizable on habeas review.   Consequently, it would be a waste of judicial resources to require Warsaw to exhaust state remedies for his third claim.   The Court therefore denies Warsaw's petition for a stay and proceeds to analyze the merits of his claims.

## A.  The Pre-Sentence Report

The first habeas claim alleges that the trial court abused its discretion and violated state law when it failed to correct information in Warsaw's pre-sentence report.   Warsaw states that his sentencing guidelines were reduced before sentencing, but the changes were not reflected in his pre-sentence report.  Warsaw seeks to have his case remanded to the state trial court for correction of the pre-sentence report.

Although Warsaw argues that he has a due process right to have his pre-sentence report corrected, the primary basis for his claim is Mich. Comp. Laws §

771.14(6) and Michigan Court Rule 6.425(E)(2), which require a pre-sentence report to be amended before the report is transmitted to the Michigan Department of Corrections.  Even if the trial court violated § 771.14(6) and Rule 6.425(E)(2), "[a] federal court may not issue the writ [of habeas corpus] on the basis of a perceived error of state law." *Pulley v. Harris*, 465 U.S. 37, 41 (1984).  "In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 68 (1991).

Furthermore, "the mere presence of . . . inaccurate information in a [pre-sentence report] does not constitute a denial of due process." *Hili v. Sciarrotta*, 140 F.3d 210, 216 (2nd Cir. 1998).  The Court therefore declines to grant relief on Warsaw's first claim, as his claim is a state-law issue, which does not entitle him to relief. *Rodriguez v. Jones*, 625 F. Supp. 2d 552, 569 (E.D. Mich. 2009).

## B.  The Assessment of Court Costs

Warsaw alleges next that the trial court ordered him to pay a fee of $400.00 for his court-appointed attorney.  Warsaw states that the fee is currently being deducted from his prison account and that he had a constitutional right to notice that the trial court was enforcing its order.  Warsaw also claims that he had a right to contest the court's action on the basis of his inability to pay the fees.  He wants

4

this Court to order the state court to amend or revoke its order for payment of attorney fees.

State prisoners are entitled to the writ of habeas corpus only if they are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).  And the traditional purpose of the writ of habeas corpus is to challenge the fact or length of confinement and to obtain release from unlawful confinement.  *Preiser v. Rodriguez*, 411 U.S. 475, 499-500 (1973).

Warsaw's challenge to the assessment of court-appointed attorney fees does not challenge his confinement in prison.  Therefore, his claim is not cognizable on federal habeas review.  *Fisher v. Booker*, No. 08-10029, 2006 WL 2420229, at *9 (E.D. Mich. Aug. 22, 2006) (unpublished).  The Supreme Court, moreover, has said that states may require a convicted person to repay the State for the costs of providing him with counsel if he acquires the means to pay for his legal defense. *See Fuller v. Oregon*, 417 U.S. 40 (1974); *see also United States v. Wilson*, 597 F.3d 353, 358 (6th Cir. 2010) (interpreting 18 U.S.C. § 3006A and stating "that a court has authority . . . to order 'financially able' defendants to pay for legal services already provided on a backward-looking basis").

Furthermore, the trial court's action in this case appears to be consistent with Michigan statutes, which "give Michigan trial courts the power to both impose a

5

2:16-cv-12786-DPH-PTM   Doc # 7   Filed 10/12/16   Pg 6 of 8   Pg ID 64

fee for a court-appointed attorney as part of a defendant's sentence and to enforce that imposition against an imprisoned defendant." *People v. Jackson*, 483 Mich. 271, 283; 769 N.W.2d 630, 637 (2009). The statutes allow trial courts to recoup the costs of court-appointed counsel by authorizing the Michigan Department of Corrections to take funds from an inmate's prison account, irrespective of a defendant's ability to pay. *Id.*, 483 Mich. at 284; 769 N.W.2d at 638. A preliminary assessment of the prisoner's ability to pay is made before the Department of Corrections takes funds from the prisoner, *id.*, 483 Mich. at 295; 769 N.W.2d at 643, and a prisoner may petition the trial court to reduce or eliminate the amount that the remittance order requires him to pay. *Id.*, 483 Mich. at 296; 769 N.W.2d at 644.

The Court concludes that Warsaw's claim is not cognizable here and that his remedy is with the state court. The Court therefore declines to grant relief on the basis of Warsaw's second claim.

## C. The Sentencing Guidelines

In this third and final claim, Warsaw alleges that his sentencing guidelines were modified at sentencing, but the trial court simply put lines through the incorrect scores of three offense variables and left the incorrect scores legible. Warsaw also contends that the minimum sentencing range was never adjusted to

reflect the correct guidelines and that his sentence exceeded the correct sentencing guidelines. He seeks to be re-sentenced under the correct sentencing guidelines.

The state court's application of its sentencing laws and guidelines "is a matter of state concern only," *Howard v. White*, 76 F. App'x 52, 53 (6th Cir. 2003), and "federal habeas corpus relief does not lie for errors of state law." *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990). Therefore, Warsaw's challenge to the sentencing guidelines range and the state court's application of the sentencing guidelines does not raise a cognizable claim on habeas review.

### III. Conclusion

Warsaw has not demonstrated that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The Court therefore dismisses Warsaw's habeas petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, which "provides that district courts 'must promptly examine' state prisoner habeas petitions and must dismiss the petition '[i]f it plainly appears . . . that the petitioner is not entitled to relief.' " *Day v. McDonough*, 547 U.S. 198, 207 (2006); *see also Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004) (stating that Rule 4 "allows the summary dismissal of a petition if 'it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief in the district court' ").

The Court denies as moot the petition to compel transcripts (ECF No. 3) and the petition for a stay (ECF No. 4).  Finally, the Court declines to issue a certificate of appealability because reasonable jurists would not disagree with the Court's resolution of Warsaw's claims, nor conclude that the issues presented deserve encouragement to proceed further.  *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).  Warsaw nevertheless may proceed *in forma pauperis* on appeal if he appeals this Court's decision, because he was permitted to proceed *in forma pauperis* in this Court.   Fed. R. App. P. 24(a)(3).

Dated:  October 12, 2016

s/Denise Page Hood
CHIEF UNITED STATES DISTRICT JUDGE

8